UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIE EVANS** | * | CIVIL ACTION |
| | * | |
| versus | * | NO. 12-2597 |
| | * | |
| **T.E. IBBERSON COMPANY, ET AL.** | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court are cross motions for summary judgment filed by Plaintiff Willie Evans and Defendant T.E. Ibberson Company ("TEI"). (Rec. Docs. 33, 46). The Court has reviewed the briefs and applicable law and now issues this order and reasons. For the following reasons, both motions are denied.

## I.   BACKGROUND

On September 24, 2012, Plaintiff Willie Evans filed a complaint in the 29th Judicial District Court for the Parish of St. Charles. Evans alleges that on or about September 25, 2011, he sustained severe injuries when he tripped and fell down a flight of stairs. According to Evans, at the time of the accident he was working as a supervisor for Archer Daniels Midland ("ADM") and was working at ADM's plant, which was rebuilt by a contractor, Defendant TEI. Evans alleges that as he was exiting the roof of the building, he tripped over "a mounting bolt sticking up, which appeared to be holding down a piece of trim at the threshold of the stairs exiting the roof...." (Rec. Doc. 1-1 at 3). Evans claims that these bolts attached a metal ladder to the building. (Rec. Doc. 33-1 at 1). Evans claims that TEI was negligent in causing this unsafe condition and is seeking damages for his pain and suffering, distress, medical expenses, loss of wages, and loss of earning capacity.

1

On October 25, 2012, TEI removed the case to this Court. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000 and the parties are citizens of different states.

## II. PRESENT MOTIONS

On October 9, 2013, Evans filed a motion for summary judgment. (Rec. Doc. 33). Evans alleges that TEI, or an employee or subcontractor of TEI, negligently installed the metal ladder and protruding bolts that caused Evans to trip. Furthermore, Evans alleges that TEI failed to properly secure the roof exit and failed to warn him of the hazardous condition. Plaintiff attaches two affidavits of ADM employees who state that TEI was responsible for overseeing the reconstruction of the plant. (Rec. Doc. 33-4 at 1-2). Evans also attaches an affidavit of the ADM project manager who states that TEI procured the stairwell on which Evans fell. (Rec. Doc. 33-4 at 3). Evans also attaches his own affidavit, in which he swears that TEI was responsible for the stairwell as well as the protruding bolts that caused him to fall. (Rec. Doc. 33-4 at 4). Evans asks the Court to grant summary judgment in his favor because there are no remaining issues of material fact regarding TEI's liability.

On October 31, 2013, TEI filed a response and cross motion for summary judgment. (Rec. Doc. 45). TEI admits that it installed an angled metal edge on the roof of ADM's building as well as a small metal staircase that connects the roof with another external staircase. (Rec. Doc. 45 at 2). TEI claims, however, that the staircase was attached to the building by two screws that connected to the vertical face of the building. TEI denies having installed the bolts that protrude through the angled metal edge, which allegedly caused Evans to trip. TEI asserts that these bolts were not called for in their construction plans for the building and, therefore, must

have been installed sometime after TEI's work was completed. TEI also claims that the metal ladder was not attached by these bolts, therefore, all of Evans' evidence regarding the installation of the ladder is irrelevant. TEI argues that Evans has no proof to support his allegations and asks the Court to grant summary judgment in its favor.

## III.    LAW AND ANALYSIS

### A.    Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "On cross-motions for summary judgment, [a court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Tex Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B.    TEI's Installation of the Bolts

The major point of contention between the parties is whether TEI is responsible for the bolts that caused Evans to trip and fall.  The Court finds that there exists a genuine issue of material fact as to who installed these bolts.  It is unclear from the record whether TEI installed them or whether someone else installed them after TEI completed its work.  This is a fact-intensive inquiry that is not appropriate for summary judgment.

TEI admits that it installed the metal ladder as well as the metal edge.  Therefore, it is plausible that TEI either installed or knew about the bolts that protrude through that metal edge.  However, TEI emphasizes that its drawing plan for the project did not call for bolts at that location.  The evidence is not conclusive either way.  The source of the bolts as well as their relationship to the metal ladder and metal edge are questions of fact that must be determined at trial.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for summary judgment (Rec. Doc. 33) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's cross motion for summary judgment (Rec. Doc. 46) is hereby **DENIED**.

New Orleans, Louisiana, this 27th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE