UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE EVANS | * | CIVIL ACTION |
| | * | |
| versus | * | NO. 12-2597 |
| | * | |
| T.E. IBBERSON COMPANY, ET AL. | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court are several motions: Plaintiff's motion *in limine* to strike the testimony of Expert Nancy Favaloro (Rec. Docs. 67, 68); Intervenor ADM Grain River System, Inc.'s ("ADM") motion to strike Defendant's expert witness and testimony (Rec. Doc. 71); and Plaintiff's motion to amend/correct his witness and exhibit list (Rec. Doc. 75).

I.     BACKGROUND

This case arises out of an injury that Plaintiff Willie Evans allegedly sustained when he fell down a flight of stairs at the Archer Daniels Midland ("ADM") plant. The plant was rebuilt by Defendant T.E. Ibberson Company ("TEI"). On September 24, 2012, Evans filed a complaint against TEI, claiming that TEI was responsible for leaving a protruding metal bolt at the top of the stairs. On October 25, 2012, TEI removed the case to this Court.

On May 28, 2013, ADM was granted leave to file a complaint of intervention. ADM explains that Evan's filed a claim for workers' compensation benefits as a result of the injuries that he sustained. According to ADM, it has paid weekly compensation benefits to Evans. ADM asserts that it is entitled to recover by preference and priority the first monies received by Plaintiff for the compensation, medical and other expenses that ADM has paid.

II.        PRESENT MOTIONS

        A.        ADM's Motion to Strike Defendant's Expert Witness (Rec. Doc. 71)

ADM asks the Court to strike TEI's use of Ms. Nancy Favaloro's report and testimony at trial. ADM argues that Ms. Favaloro was obtained by ADM as a non-testifying expert and that Rule 26(b)(4)(D) prohibits another party from discovering the facts known and opinions held by such experts. ADM emphasizes that Ms. Favaloro was hired by ADM. TEI did not share in the costs or effort required to obtain Ms. Favaloro. Therefore, they should not be allowed to benefit from her testimony at trial.

First, TEI claims that ADM's motion should be denied because it is untimely. TEI also claims that Rule 26(b)(4)(D) only prohibits another party from discovering facts known and opinions held by non-testifying experts through interrogatories or depositions. According to TEI, it subpoenaed Ms. Favaloro's report, which is allowed under the rule. TEI also argues that because Ms. Favaloro was retained by ADM in relation to a different case, Rule 26(b)(4)(D), which focuses on experts retained in preparation for trial, does not apply to her at all.

The Court's Scheduling Order (Rec. Doc. 26) requires all motions *in limine* regarding the admissibility of expert testimony be filed and served in sufficient time to permit submission on December 4, 2013. The Scheduling Order provided that Plaintiff's expert reports were due on September 20, 2013 and Defendant's expert reports were due on October 21, 2013. On September 19, 2013, the Court extended this deadline by thirty days for each party. Accordingly, TEI produced its expert reports on November 20, 2013. (Rec. Doc. 69 at 2). While the Court did not explicitly extend the motion *in limine* deadline, the extension of the expert report deadlines provides ADM with good cause for its untimely motion. In order to have this motion submitted on December 4, 2013, ADM would have had to file the motion before

Defendant's expert reports were due.  In light of this, the Court will reach and address the merits of the motion.

> Rule 26(b)(4)(D) states:
>
> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

Fed. R. Civ. P. 26(b)(4)(D).  This rule affords some protection to counsel who wish to obtain non-testifying experts to assist in trial preparation.  "Allowing routine discovery as to these people would tend to deter thorough preparation of the case and reward those whose adversaries were most enterprising."  8A Fed. Prac. & Proc. Civ. § 2032 (3d ed.).  Generally, this rule does not present an unfair burden on the parties, because "each party has a full opportunity to retain its own experts; unlike fact witnesses they are not unique and, in an era when experts' services are widely marketed, the supply of potential witnesses is often large."  *Id.*

ADM retained Ms. Favaloro to provide a vocational rehabilitation report regarding Evans.  Even if, as TEI contends, ADM retained her in relation to a previous case involving worker's compensation benefits, Ms. Favaloro was retained "in anticipation of litigation" arising out of the same incident.  It would not be fair for the Court to now allow TEI to benefit from ADM's retained expert when TEI did not share in the cost and efforts involved in retaining her.  Furthermore, the Court sees no reason to limit discovery through interrogatories and depositions but to allow questioning at trial.  The same reasoning applies with even greater force in this context, where the party's non-testifying witness could be called to give testimony at trial.

    **B.**    **Evan's Motion to Amend Witness List (Rec. Doc. 71)**

Evans asks the Court to grant him leave to amend the witness list that he submitted on

October 21, 2013.  He claims that at the time he submitted his list, he was unaware of the existence of the witness that he now wants to call.

TEI responds, citing the Court's Scheduling Order, which required witness lists to be filed no later than October 21, 2013.  TEI claims that Evans cannot show good cause, which is necessary for the Court to permit the addition of this witness.

The Court's Scheduling Order (Rec. Doc. 26) provided that witness and exhibit lists were due "not later than October 21, 2013."  On October 21, 2013, Evans, ADM, and TEI, each submitted witness and exhibit lists.  On November 12, 2013, Evans informed the Court of a recently discovered witness.  The Court extended the discovery deadline until December 2, 2013, in order to give Evans an opportunity to take the deposition of this newly discovered witness.  (Rec. Doc. 53).  On December 12, 2013, one month after Evans discovered the witness, he filed a motion to amend his witness list, to add the newly discovered witness.  The Court finds that this motion is untimely and Evans has failed to show good cause.  The fact that Evans only recently became aware of the witness does excuse his failure to include the witness on his original witness list, but it does not excuse his one-month delay from the time that he discovered the witness.

### III.  CONCLUSION

For the foregoing reasons

**IT IS ORDERED** that ADM's Motion to Strike Defendant's Expert Witness Report and Testimony (Rec. Doc. 71) is hereby **GRANTED.**

The Court finds that this order addresses the concerns presented in Evans' Motion to Strike the Testimony of Nancy Favaloro  (Rec. Docs. 67, 68).  Accordingly, **IT IS ORDERED** that these motions be DENIED as moot.

**IT IS FURTHER ORDERED** that Evans' Motion to Amend Witness List and Exhibit List (Rec. Doc. 75) is hereby **DENIED.**

New Orleans, Louisiana, this 20th day of December, 2013.

_____
UNITED STATES DISTRICT JUDGE